UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH D. HERNANDEZ,

                              Plaintiff(s),

        -against-

RICHARD DORMER, et al.,

                             Defendant(s).
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 09-5549 (SJF) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court is plaintiff pro se Joseph D. Hernandez's motion to amend his complaint to add a new defendant, Peter C. Stein. *See* Docket Entry ("DE") [27]. For the reasons set forth herein, it is respectfully recommended that the motion be denied.

## BACKGROUND

Plaintiff filed his complaint on December 4, 2009 alleging violations of 42 U.S.C. §1983 against approximately fourteen defendants including *inter alia* the Suffolk County Police Department, individual police officers, the Suffolk County District Attorney, the Suffolk County Executive, the Suffolk County Legislature, the Legal Aid Society of Suffolk County as well as individual attorneys employed by Legal Aid, an individual named Paul W. Shaughnessy, and the Governor and Attorney General of the State of New York. He now seeks to add Stein, his former court-appointed attorney in the state court proceeding, as a defendant. The facts are taken from the complaint.

Plaintiff's complaint stems from an incident that occurred on October 19, 2008. According to the complaint, plaintiff was physically and sexually assaulted by defendant Shaughnessy in the corridor between their two apartments. Compl. §III, ¶ 1, DE [1]. Plaintiff

says he used a fire extinguisher to strike two defensive blows to Shaughnessy. *Id.* Plaintiff, who is of Puerto Rican descent, believes the attack was racially motivated. After Shaughnessy fled, passers-by heard plaintiff's cries and called 911. *Id.* Upon arriving at the scene, the police officers urged plaintiff to accompany them to the police station, at which time plaintiff was read his "Miranda" rights, placed under arrest and handcuffed to a table. *Id.* at §III, ¶¶1, 2.

The Complaint proceeds to describe plaintiff's experiences in state court, including the actions of various police officers, judges, and attorneys. Plaintiff claims that he has been the victim of a Hate Crime, that his civil rights have been violated, and that the defendants "aided and abetted the assaults, false arrest and false imprisonment of the plaintiff; as well as the violations of the plaintiff's civil rights as protected and guaranteed under the United States Constitution." Compl. §V, ¶21.[1]

The only mention of Stein in the original complaint is a single, lengthy paragraph in which plaintiff alleges that Stein was assigned as plaintiff's counsel on October 20, 2009, that Stein had a "lack of interest" in representing plaintiff, that Stein refused to acknowledge that plaintiff was a victim of a hate crime, that plaintiff discharged Stein, and that Stein has become belligerent towards plaintiff. Compl. §III, ¶12. Now before the court is plaintiff's motion to amend the complaint to add further allegations against Stein and to add him as a defendant. For purposes of this motion, these allegations will be referred to as the proposed Amended Complaint ("Am. Compl.").[2]

---

[1]The state court proceeding against Hernandez apparently remains pending.

[2]The proposed Amended Complaint contains *only* the new allegations against Stein. Presumably, plaintiff wishes to supplement the original complaint with these allegations and not replace the original complaint with this document.

The allegations against Stein in the proposed Amended Complaint fall into several general categories. The largest number of allegations concern the quality and nature of Stein's representation of plaintiff. Plaintiff claims that Stein refused to provide a proper defense, Am. Compl. ¶¶1, 14, refused to meet with plaintiff to prepare, *id.* at ¶7, refused to obtain evidence, *id.* at ¶8, refused to "engage" with the District Attorney's Office, *id.* at ¶6, refused to make sure plaintiff had his "right to due process," *id.* at ¶1, caused delay, *id.* at ¶2, failed to keep plaintiff informed about a conference, *id.* at ¶9, violated attorney client privilege, *id.* at ¶13, and willfully acted to plaintiff's detriment. *Id.* at ¶¶17, 18. Plaintiff further claims that Stein made a "mockery" of the assault, *id.* at ¶¶4, 7, and viewed the crimes against him as "humorous." *Id.* at ¶5. Stein also "presumed" that plaintiff was guilty. *Id.* at ¶13.

Another set of allegations concerns motions made by Stein to withdraw as plaintiff's counsel. According to plaintiff, Stein acted belligerently and sarcastically concerning plaintiff's desire to appear *pro se, id.* at ¶10, fabricated threats and made misstatements in the motions, *id.* at ¶11, 12, and committed a "felonious criminal act" by making false statements. *Id.* at ¶12. In a similar vein, plaintiff accuses Stein of billing Suffolk County for services he did not render. *Id.* at ¶18.

## DISCUSSION

**A. Standards for Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading . . . by leave of court," and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In making its determination, the

3

court considers factors such as undue delay, prejudice to the defendants, and futility of the proposed amendments. *See Foman*, 371 U.S. at 182; *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998); *Harrison v. NBD, Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998). Although amendments are generally favored because "they tend to facilitate a proper decision on the merits," *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citation omitted), ultimately, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co.v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (*citing Foman*, 371 U.S. at 182).

Amendment should only be denied for good reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman,* 371 U.S. at 182). An amendment is futile if the claim would be unable to withstand a Rule 12 (b)(6) motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Indeed, "[t]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12 (b)(6) motion to dismiss - namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Amna v. New York State Dep't of Health,* 2009 WL 6497844, at *1 (E.D.N.Y. Sept. 3, 2009) *(quoting Crippen v. Town of Hempstead,* 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009)).

On a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)). This stricture, however, is not applicable to legal conclusions and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* __ U.S. __ , 129 S. Ct. 1937, 1949-50 (2009). The court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal,* 129 S. Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S. Ct. at 1949 (internal quotation marks and citations omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

It is well settled that pleadings submitted by *pro se* plaintiffs may be held to "less stringent standards than [those applicable to] formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The court must "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.,* 202 F.3d 530, 536 (2d Cir. 1999) (quotations omitted).

Although none of the current defendants has submitted opposition to the motion, the court may still determine whether the proposed amendment would be futile. Thus the court, with these standards in mind, turns to consideration of plaintiff's motion to amend.

**B. Claim under 42 U.S.C. §1983**

Hernandez never articulates the legal basis for his claims against Stein. The original complaint, however, states that he is pursuing a civil action under 42 U.S.C. §1983. To state a claim for a constitutional violation under §1983, plaintiff must allege that he was injured by

5

either a state actor or a private party acting under color of state law, *see Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir. 1992), and that the defendants' actions resulted in a deprivation of plaintiff's constitutional rights. *See Bhatia v. Yale Sch. of Medicine,* 347 Fed. Appx. 663, 664 (2d Cir. 2009). "Private parties are generally not amenable to suit under § 1983, because they are not state actors, although they may be liable where 'there is a sufficiently close nexus between the State and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the State itself,' ... or where they are 'jointly engaged with state officials' in a conspiracy to deprive the plaintiff of his constitutional rights." *Id.* at 664-65 (internal citations omitted). The court will first examine whether Stein was a state actor for purposes of §1983 since "it is not inappropriate for a court to dismiss a claim under Section 1983 where there is no conceivable basis to find that the defendant was a state actor." *McCluskey v. New York State Unified Court Sys.*, 2010 WL 2558624, at *3 (E.D.N.Y., June 17, 2010) (sua sponte dismissing §1983 claims brought against plaintiff's former attorneys).

     All of plaintiff's allegations regarding Stein's conduct in this matter arise from the latter's performance of his duties as court-appointed counsel for plaintiff in the state criminal proceeding. A "public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Georgia v. McCollum,* 505 U.S. 42, 53 (1992) (citing *Polk County v. Dodson,* 454 U.S. 312 (1981)). Indeed, "[i]t is well established that private attorneys-even if the attorney was court appointed-are not state actors for the purposes of § 1983 claims." *Licari v. Voog*, 2010 WL 1647456, at *1 (2d Cir. Apr. 26, 2010) (citing *Rodriguez v. Weprin,* 113 F.3d 62, 65-66 (2d Cir. 1997); *see also McCluskey,* 2010 WL 2558624, at *6 (stating that it is "axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-

6

appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.")

Based on the clear law and the facts alleged by plaintiff, there is no conceivable basis for finding that Stein was a state actor by virtue of his role as a court-appointed attorney. Stein may only be liable under §1983 if plaintiff alleges that Stein conspired with state actors in to deprive plaintiff of his constitutional rights.

To establish a conspiracy claim under §1983, plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002)(citing *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir. 1999)). Plaintiff may not, however, transform Stein into a state actor simply by charging him with conspiring with state officials. Plaintiff must provide specific, factual allegations – "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir. 1993)(citations omitted).

Applying these standards, plaintiff's proposed complaint against Stein falls woefully short of the mark. Plaintiff never specifically claims that Stein conspired with a state actor to deprive him of his rights, but rather summarily concludes that Stein was a "participant with the defendants." ¶22. He does not specifically allege that there was a agreement between Stein and other state actors, nor does he allege a single fact from which such an agreement can be inferred.

7

Indeed, there are only a few allegations that concern *any* interaction between Stein and the other defendants.

In paragraph 16, Hernandez states that he has been prevented from bringing charges against Shaughnessy by police officers and by "officers of the court." According to plaintiff, Stein "refused to aid in any way possible" and "has not rendered any service what so ever towards that aim." Plaintiff also cites Stein's presence at a bench conference in state court in which one of the court clerks allegedly said "Let's get'em a Spanish Lawyer." ¶19. Plaintiff goes on to suggest that Stein, as an officer of the court, should have protested such a statement based on Hernandez's ethnicity. ¶20. None of these allegations provide specifics of an "agreement" to act against Hernandez, nor do they state a claim for an unconstitutional injury. Plaintiff has failed to establish a claim for conspiracy under §1983.

Plaintiff has failed to allege that Stein was a state actor as required for §1983 liability. As the factual allegations in the proposed Amended Complaint do not state a plausible claim, amendment would be futile and thus, it is recommended that the motion to amend to add §1983 claims against Stein be denied

**C. State Law Claims**

Reading the proposed Amended Complaint liberally, it is clear that Hernandez's allegations concerning Stein are best characterized as a legal malpractice claim under state law. The exercise of supplemental jurisdiction over this claim is left to the court's discretion. *See Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010); 28 U.S.C. §1367. In determining whether to exercise supplemental jurisdiction, a court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order

to decide whether to exercise jurisdiction" over the supplemental claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As the legal malpractice claim is a state law claim and no independent federal claim against Stein remains, it is recommended that the court decline to exercise supplemental jurisdiction over it.

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to all parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 7, 2010

                                                                       /s/ William D. Wall
                                                                        WILLIAM D. WALL
                                                                        United States Magistrate Judge